UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Storey Mountain, LLC, assignee of First Horizon Bank, successor by merger to IberiaBank<br><br>*Plaintiff/Garnishor*<br><br>VS<br><br>JPMorgan Chase Bank, N.A., Wells Fargo Bank, National Association, USAA Federal Savings Bank, E*Trade Securities, LLC, Fidelity Brokerage Services LLC, TD Bank, NA, J.S.C. Federal Credit Union d/b/a Wellby<br><br>*Defendants/Garnishees* | C.A. No. _____ |

## APPLICATION FOR WRITS OF GARNISHMENT AFTER JUDGMENT

Plaintiff/Garnishor Storey Mountain, LLC, assignee of First Horizon Bank, successor by merger to IberiaBank, makes application for the issuance of writs of garnishment against JPMorgan Chase Bank, N.A., Wells Fargo Bank, National Association, USAA Federal Savings Bank, E*Trade Securities, LLC, Fidelity Brokerage Services LLC, TD Bank, NA, and J.S.C. Federal Credit Union d/b/a Wellby, and as grounds in support shows as follows:

### PARTIES

1. Plaintiff Storey Mountain, LLC ("Garnishor") is a limited liability company organized under the laws of Wyoming, with its principal place of business in Florida. For purposes of diversity, Garnishor is a citizen of Wyoming and Florida. Garnishor is the assignee of the judgment previously held by First Horizon Bank, successor by merger to IberiaBank.

2. JPMorgan Chase Bank, N.A. ("Garnishee") is a national banking association. Under its articles of incorporation, its main office is located in Ohio, and therefore is a citizen of

Ohio for purposes of diversity. To the extent it may be relevant for the purposes of diversity, JPMorgan Chase Bank N.A.'s principal place of business has been identified in public records as being in New York. *See Horton v. Bank One, NA*, 387 F.3d 426 (5th Cir. 2004), cert. den., 546 U.S. 1149 (2006).

3. JPMorgan Chase Bank, N.A. does business in the Southern District of Texas and may be served with process by delivering the writ to its registered agent for service of process in Texas, C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

4. Wells Fargo Bank, National Association ("Garnishee"), is a national banking association. Under its articles of incorporation, its main office is located in South Dakota and therefore it is a citizen of South Dakota for diversity purposes. 28 U.S.C. § 1348; *Wachovia Bank v. Schmid*, 546 U.S. 303, 318 (2006). To the extent it may be relevant for purposes of diversity, Wells Fargo Bank, N.A.'s principal place of business has been identified in public records as being in California. *See Horton v. Bank One, NA*, 387 F.3d 426 (5th Cir. 2004), cert. den., 546 U.S. 1149 (2006).

5. Wells Fargo Bank, National Association, does business in the Southern District of Texas and may be served with process by delivering the writ to its registered agent for service of process in Texas, Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

6. USAA Federal Savings Bank ("Garnishee") is a Texas State financial institution with its principal place of business at 10750 W. IH 10, San Antonio, Texas 78288. Therefore, it is a citizen of Texas for diversity purposes. It does business in the Southern District of Texas and may be served with process by delivering the writ to its registered agent for service of process in Texas, Corporation Service Company dba CSC – Lawyers Incorporating Service Company, 211

E. 7th Street, Suite 620, Austin, Texas 78701-3218.

7. E*TRADE Securities LLC ("Garnishee") is a Delaware limited liability company with its principal place of business at 671 North Glebe Road, Arlington, Virginia 22203. Therefore, it is a citizen of Virginia for diversity purposes. It does business in the Southern District of Texas and may be served with process by delivering the writ to its registered agent for service of process in Texas, C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

8. Fidelity Brokerage Services LLC ("Garnishee") is a Delaware limited liability company with its principal place of business at 82 Devonshire Street, V6D, Boston, Massachusetts 02109. Therefore, it is a citizen of Massachusetts for diversity purposes. It does business in the Southern District of Texas and may be served with process by delivering the writ to its registered agent for service of process in Texas, C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

9. TD Bank, NA ("Garnishee") is a national banking association and has its main office in Cherry Hill, New Jersey. Therefore, it is a citizen of New Jersey for diversity purposes. It does business in the Southern District of Texas and may be served with process by delivering the writ to its registered agent for service of process in Texas, Corporation Service Company dba CSC – Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

10. J.S.C. Federal Credit Union d/b/a Wellby ("Garnishee") is a federally chartered not-for-profit financial cooperative and has its principal place of business at 1330 Gemini Avenue, Houston, Texas, 77058. Therefore, it is a citizen of Texas for diversity purposes. It does business in the Southern District of Texas and may be served with process by delivering the writ to President

Marty Pell, or any bank manager located at 1330 Gemini Avenue, Houston, Texas 77058.

11. Garnishor is a judgment creditor of Odin Alliance, Ltd., Odin Industrial, Inc., Odin Demolition & Asset Recovery, LLC, M. Katherine Weldon-Mitchum, and James M. Mitchum (collectively "Judgement Debtors"), who are jointly and severally liable for the judgment held by Garnishor. Judgment Debtor Odin Demolition & Asset Recovery, LLC is a Texas limited liability company (FEIN: XX-XXX9109), with the last known address of 203 Ivy Avenue, Deer Park, Texas 77536. Odin Demolition & Asset Recovery, LLC is a Texas citizen for diversity of citizenship purposes because its sole member is Odin Alliance, Ltd. (FEIN: XX-XX1230), which is a Texas limited partnership whose general and limited partners are Texas citizens. Odin Alliance, Ltd.'s last known address is 2500 Wilcrest Drive, Suite 201, Houston, Texas 77042. Judgment Debtor Odin Industrial, Inc. is a Texas corporation, whose last known address is PO Box 99, Deer Park, Texas 77536. Judgment Debtor M. Katherine Weldon-Mitchum is an individual whose last known address and residence is 3802 WINDSOR DR DEER PARK, TX 77536-6182 and identifiable by SSN: XXX-XX-9390. Judgment Debtor James M. Mitchum is an individual whose last known address and residence is 3802 WINDSOR DR DEER PARK, TX 77536-6182 and identifiable by SSN: XXX-XX-4946. Upon issuance and service of the writs upon the Garnishees, the Garnishor will serve the writs upon the Judgment Debtors at their last known addresses listed in this paragraph.

## JURISDICTION AND VENUE

12. Federal jurisdiction is proper pursuant to 28 U.S.C. § 1332(a) because Garnishor is a citizen of a foreign state and Garnishees are citizens of different states, and the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs.

13. Venue is proper pursuant to 28 U.S.C. § 1391(a) and 28 U.S.C. § 1391(b)(1) and

4

28 U.S.C. § 1391(b)(2). Garnishees reside in the Southern District of Texas and a substantial part of the events or omissions giving rise to the claim occurred in the Southern District of Texas.

14. Specifically, the proceeding in which the judgment was entered in favor of Garnishor and against Judgment Debtors, joint and severally, was docketed in this Court. *See IberiaBank v. James M. Mitchum, et al.*, Civil Action No. 4:16-cv-01933 (S.D. Tex. Houston Div.) ("the Underlying Proceeding").

## THE DEBT

15. In the Underlying Proceeding, on August 22, 2017, the Court entered its Agreed Final Judgment that Garnishor recover from Judgment Debtors, joint and severally, the principal sum of $331,603.68; plus pre-judgment interest on the principal sum at the rate of 5.75% per annum from May 9, 2017 until August 21, 2017 (which corresponds to $5,537.33 in pre-judgment interest); plus post-judgment interest on the principal sum at the rate of 0.27% per annum, from August 23, 2017 until the judgment is paid (which correspond to $4,121.52 in post-judgment interest as of March 22, 2022); plus costs of court. A true and correct copy of the Agreed Final Judgment is attached hereto as **Exhibit A** and incorporated herein by reference. For ease of reference, the total outstanding balance owed on the Judgment, as of March 22, 2022, is $341,262.53, plus costs of court.

16. On March 24, 2021, First Horizon Bank, a Tennessee state-chartered banking association, as successor by merger to IberiaBank, formerly a division of First Horizon Bank, assigned the Agreed Final Judgment dated August 22, 2017, attached hereto as Exhibit A, to Plaintiff Storey Mountain, LLC. A true and correct copy of the Assignment of Judgment is attached hereto as **Exhibit B** and incorporated herein by reference.

## GARNISHMENT IS PROPER

17. Pursuant to Federal Rule of Civil Procedure Rule 64, the remedies available under the laws of the State of Texas for the seizure of Property, including garnishment, are available to secure satisfaction of the Court's judgment. The applicable rules for issuance of a writ of garnishment under Texas law are set forth in Section 63.001 *et seq.* of Texas Civil Practice and Remedies Code, and Rule 657 *et seq.* of the Texas Rules of Civil Procedure.

18. The Agreed Final Judgment in the Underlying Proceeding is valid and subsisting and remains unpaid. No supersedeas bond has been filed by Judgment Debtors and approved to suspend execution of the Agreed Final Judgment. *See* Fed. R. Civ. P. 62; Tex. Civ. Prac. & Rem. Code § 63.001(3); Tex. R. Civ. P. Rule 657.

19. Garnishor has reason to believe, and does believe, that each Garnishee is indebted to the Judgment Debtors because one or more of each Garnishee's accounts are in the names of Judgment Debtors. Garnishor's belief is based upon prior business dealings with the Judgment Debtors and upon discovery obtained in the Underlying Proceeding.

20. Within Garnishor's knowledge, the Judgment Debtors do not possess property in Texas subject to execution sufficient to satisfy the above described Judgment. Garnishor's knowledge and belief is based on discovery obtained in the Underlying Proceeding and Garnishor's own investigation of public records pertaining to the Judgment Debtors.

21. Garnishor is not seeking to injury or harass Garnishees or Judgment Debtors by seeking writs of garnishment.

22. Garnishor is not required to post a bond in a post-judgment application for writ of garnishment. *See Simulis, L.L.C. v. G.E. Capital Corp.*, 276 S.W.3d 109, 115 (Tex. App.—Houston [1st Dist.] 2008, no pet.).

## RELIEF REQUESTED

6

WHEREFORE, Garnishor requests that:

A. The Court order the District Clerk to issue a writ of garnishment for each Garnishee;

B. The District Clerk to issue said writs and serve them upon the respective Garnishees, as prescribed by law;

C. Garnishor have judgment against each Garnishee to the extent necessary to satisfy Garnishor's Agreed Final Judgment against Judgment Debtors, as provided by law, together with all costs or court incurred in this proceeding, with a total not to exceed the amount admitted or found to be due the Judgment Debtors from each Garnishee;

D. Garnishor be granted judgment against each Garnishee for post-judgment interest on the judgment in this garnishment proceeding at the maximum legal rate from the date of judgment until paid; and

E. Garnishor be granted such other and further relief, special or general, legal or equitable, to which the Garnishor may be justly entitled.

Respectfully submitted,

**LAW FIRM OF SHAWN M. GRADY, PLLC**

By: /s/ Shawn M. Grady
Shawn M. Grady, Attorney-in-Charge
Texas State Bar No. 24076411
shawn@gradycollectionlaw.com

2100 West Loop South, Suite 805
Houston, Texas 77027
832-692-4542 Telephone
903-416-8218 Facsimile

**ATTORNEY FOR PLAINTIFF**

## **VERIFICATION**

STATE OF TEXAS            §
                          §
COUNTY OF HARRIS          §

    BEFORE ME, the undersigned Notary Public, on this day personally appeared Shawn M. Grady, who, being by me duly sworn on his oath deposed and stated that he is the attorney for Plaintiff in the above entitled cause; the he has read the Application for Writs of Garnishment after Judgment; and that the factual statements contained in the document are true and correct based upon his personal knowledge and upon knowledge obtained through his review of public records and the records of Storey Mountain, LLC.

_____
Shawn M. Grady

    SUBSCRIBED AND SWORN TO before me on March 24th, 2022, to certify which witness my hand and seal of office.

_____
Notary Public in and for the State of Texas

BLAIRE GRADY
NOTARY PUBLIC
ID# 132517089
State of Texas
Comm. Exp. 06-03-2024

8